___FILED  ___ENTERED
___LOGGED ___RECEIVED

MAY 1 8 2005

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUT

United States District Court
District of Maryland
Greenbelt Division

BRETT C. KIMBERLIN,
    Petitioner,

V.                       CV No. AW-04-2881

UNITED STATES OF AMERICA,
    Respondent.

**PETITIONER'S REPLY AND MOTION FOR SUMMARY JUDGMENT**

Now comes Petitioner Brett C. Kimberlin and replies to the Government's Response. In short, because the Government has not contested the merits of this case and has ignored Fourth Circuit precedent, this Court should grant summary judgment in favor of Petitioner.

1. The Government argues that since Petitioner's 2255 petition in Indiana was denied as untimely under the AEDPA, he cannot file a 2241 habeas petition in this Court. However, this argument is totally at odds with the seminal Fourth Circuit case, In re Jones, 226 F.3d 328 (4th Cir. 2000), which held that a person challenging his conviction can file a 2241 in his district of confinement where section 2255 is "inadequate or ineffective" for proving the illegality of his detention.



2. In the words of the Court, "we conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id. at 332-33.

3. In Petitioner's case, he meets these criteria, since, at the time of his direct appeal, it was settled law that there only need be a de minimis effect on interstate commerce to confer federal jurisdiction. However, in 2000, the Supreme Court overruled all of that precedent when it held in Jones v. United States, 529 U.S. 848 that there must be a direct, affirmative connection to confer such jurisdiction. In Martin v. Perez, 319 F.3d 799 (6th Cir. 2003), the court held that an actual innocence claim under Jones was allowed under

section 2241 in the District of Kentucky even though the defendant had already filed 2255 petitions in Indiana, where he had been convicted of bombing a building.

4. Moreover, when Petitioner filed his direct appeal, there was no Supreme Court precedent regarding the introduction of scientific evidence. It was not until Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), that the Court held such testimony must be scientifically accepted before being allowed into evidence.

5. Also, when Petitioner was convicted in 1981, there was no such thing as DNA testing of hair evidence. Indeed, in 2004, Congress passed the Innocence Protection Act, which requires courts to order the testing of DNA evidence where the defendant asserts his innocence.

6. In Petitioner's 2241 petition, he asserts that he is actually innocent of the two counts alleging federal jurisdiction based on a third party contract for federal financial assistance. In short, since Speedway High School received no direct federal financial assistance, Petitioner

could not, under the Supreme Court <u>Jones</u> holding, be guilty of committing a federal offense.

7. Moreover, since his conviction on Counts 1-22 was based in part on the testimony of six hypnotized witnesses, and that testimony would not be allowed under <u>Kumho Tire</u>, his conviction cannot stand on those counts.

8. Finally, since the hair found on the tape used to make one of the explosive devices can now be proven through DNA not to belong to Petitioner, and the Government asserted that the person who made the devices also possessed and detonated them, his conviction must be vacated on Counts 1-22.

The Government has chosen to ignore the holding of the Fourth Circuit in <u>In re Jones</u>, yet that is the precedent that this Court must follow. The Government has also chosen not to address the merits of this case even though this Court ordered a Government response as to why the habeas petition should not be granted. Accordingly, this Court must accept the allegations as true and grant the writ by vacating Counts 1-22 of the indictment.

WHEREFORE, for all the above reasons, this Court should find that the Government's Response is without merit because it ignores and conflicts with In re Jones, 226 F.3d 328 (4th Cir. 2000), and this Court should accept Petitioner's allegations as true and grant the writ, and any other relief this Court finds appropriate.

Respectfully submitted,

Brett Kimberlin

CERTIFICATE OF SERVICE

I certify that I mailed a copy of the above to AUSA Tamera Fine this 16th day of May, 2005.

Brett Kimberlin
8100 Beech Tree Rd
Bethesda, MD 20817