IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRETT C. KIMBERLIN :
    Petitioner :

v. : CIVIL ACTION NO. AW-04-2881

UNITED STATES OF AMERICA :
    Respondent

## MEMORANDUM

Petitioner, convicted in the United States District Court for the Southern District of Indiana, has been released from confinement and presently resides in Bethesda, Maryland.[1] On September 2, 2004, he filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to vacate his conviction and sentence "in light of several new Supreme Court cases and a new DNA test that will prove his innocence." Paper No. 1. The government has responded to the petition (Paper Nos. 12 and 13), and Petitioner has filed a reply. Paper No. 14. No hearing is needed to resolve the jurisdictional question presented in this case. *See* Local Rule 106.5 (D. Md. 2004).

The question presented here is whether this claim is properly raised in a § 2241 petition. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post conviction relief.[2] A § 2241 petition attacks the manner in which a sentence is executed and is filed in the district where the

---

[1] Petitioner's conviction for several offenses involving the illegal possession and manufacture of firearms and malicious damage by means of explosives was affirmed on appeal in *United States v. Kimberlin*, 692 F.2d 760 (Table) (7th Cir. 1982). It appears that Petitioner remains under parole supervision.

[2] 28 U.S.C. §2255 provides in relevant part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

prisoner is in custody. *See* 28 U.S.C. §2241(a). In contrast, a §2255 motion challenges the validity of a conviction or sentence, *see In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*), and is filed in the district where the prisoner was sentenced. *See infra* note 2.

In this case, the claims raised by Petitioner, although enhanced, are in essence identical to the claims presented by way of his first § 2255 action presented in the court of conviction, the United States District Court for the Southern District of Indiana. *See United States v. Kimberlin*, Civil Action No. IP-00-0280 (S. D. Ind. 2000). The claims clearly challenge the validity of his conviction and sentence and are more properly brought in a 28 U.S.C. §2255 motion.[3] Regardless of the caption used by Petitioner, it is the subject matter of the motion for collateral review, not its title, that determines its status. *See Calderson v. Thompson*, 523 U.S. 538, 553-54 (1998); *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Petitioner cannot evade the gatekeeping provisions of the habeas corpus statute with inventive captioning of the instant petition. Accordingly, the action will be construed under §2255 and dismissed without prejudice for lack of jurisdiction.

| June 14, 2005 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[3] Petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention, because the Indiana court dismissed his previous § 2255 as time-barred, without considering the merits of the claim. The undersigned has read Judge Dillin's September 26, 2000, Entry of Judgment in Petitioner's first § 2255 petition. Although couched in language suggesting the entire petition was dismissed as time-barred, the Entry actually states that the claim concerning DNA testing was time-barred, and notes that Petitioner attempted to explain the delay in filing his remaining claims (which alleged improper introduction of hypnosis-induced testimony as scientifically recognized, reliance on "personal injury" as a sentence enhancement, and the lack of substantial federal funding of the school where the bombing occurred) by arguing that the claims became cognizable only as a result of recent Supreme Court decisions. The Indiana court went on to note that the Supreme Court had not made recent decisions in *Kuhmo Tire Co. v. Carmichael,* 526 U.S. 137 (1999), *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995) retroactive, thus invalidating Petitioner's argument that the one-year limitations period should run from the date of the most recent of these Supreme Court decisions.